# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DELVECCHIO THEUS, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Case No. 21-1012 |
| A.W. GRISSOM, et al. | ) ) ) |
| Respondent. | ) |

## ORDER AND OPINION

Before the Court is Petitioner Delvecchio Theus's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED.

## ANALYSIS

Petitioner is currently in the custody of the Federal Bureau of Prisons and housed at Pekin Federal Correctional Institution. On January 4, 2021, Petitioner lost visitation rights and access to commissary and e-mail for sixty days as a result of a disciplinary proceeding. Petitioner filed this instant Petition challenging that decision.

Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* The Court's preliminary review under Rule 4 reveals that Petitioner has not exhausted his administrative remedies.

The Court has authority under 28 U.S.C. § 2241 to review disciplinary sanctions imposed by the Bureau of Prisons for violating prison regulations; however, this Court may do so only after

the petitioner has exhausted his available administrative remedies. *See United States v. Wilson*, 503 U.S. 329. 335 (1992). If a petitioner fails to exhaust administrative remedies, the district court must dismiss the petition. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).

The Bureau of Prisons has established an administrative remedy procedure, which is set forth at 28 C.F.R. § 542.10 *et seq*., whereby a federal prisoner may seek formal review of any aspect of his imprisonment. Inmates must first informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at § 542.14(a). If dissatisfied with the response, the inmate may then appeal an adverse decision to the Regional Office and then to the Central Office of the Bureau of Prisons. *Id.* at §§ 542.15(a). No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prisons' Central Office. *Id.*

Here, Petitioner has admitted that he failed to exhaust the administrative remedy procedures set forth in § 542.10 *et seq*. Failure to satisfy the procedural rules of the Bureau of Prisons' administrative process constitutes a procedural default. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). If a petitioner has not appealed, review of a habeas claim is barred absent a showing of cause and prejudice. *Id.* Cause is generally only established where the petitioner shows that "some external objective factor impeded" his or her efforts to comply with the Bureau of Prisons' administrative remedy provisions. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Where "legitimate circumstances beyond the prisoner's control preclude him from pursuing his administrative remedies," cause is established. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

Petitioner claims that he did not appeal because officers told him that "60 days [would] be up by the time I get [sic] an answer from appeal." ECF No. 1 at 3. This alleged reason, however, does not establish cause or an excuse for procedural default. *See generally Oliver v. Owens*, No. 15-C-7189, 2016 WL 704836, at *3 (N.D. Ill. Feb. 23, 2016) (§ 2241 petitioner stating that someone told him to file the wrong appeal form was not sufficient to excuse petitioner from requirement of filing appeal within the appropriate timeframe); *see also Jones v. Hepp*, No. 19-CV-938-WMC, 2020 WL 2924027, at *2 (W.D. Wis. June 3, 2020) (petitioner's claim that someone told him he could not appeal still resulted in him procedurally defaulting his claims); *see also Morgan v. Lacy*, No. 4:05-CV-263HEA/MLM, 2005 WL 2290578, at *5 (E.D. Mo. Sept. 20, 2005) (opining that petitioner did not establish cause when he alleged he did not appeal because a doctor told him not to appeal and that petitioner did not suggest the doctor prevented him from filing an appeal). Furthermore, it appears that Petitioner did not make any attempt at exhausting his administrative remedies as his disciplinary decision was entered on January 4, 2021, and he immediately filed this instant petition on the same date.

The Court discerns no external objective factor which prevented Petitioner from pursuing his available administrative remedies. Consequently, his habeas petition is dismissed.

## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus under 29 U.S.C. § 2241 [1] is DISMISSED. This case is now TERMINATED. The Clerk is DIRECTED to close this case.

ENTERED this 17th day of February, 2021

    /s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge